[Cite as *Ohio State Bar Assn. v. Immigration Assoc., L.L.C.*, 132 Ohio St.3d 476, 2012-Ohio-3304.]

OHIO STATE BAR ASSOCIATION *v.* IMMIGRATION ASSOCIATES, L.L.C. ET AL.

[Cite as *Ohio State Bar Assn. v. Immigration Assoc., L.L.C.*,

132 Ohio St.3d 476, 2012-Ohio-3304.]

*Unauthorized practice of law—Consent decree—Respondents enjoined from all activities constituting the unauthorized practice of law, including assisting others in preparation of documents relating to the immigration process.*

(No. 2011-2194—Submitted January 18, 2012—Decided July 24, 2012.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law,

No. UPL 10-05.

_____

**Per Curiam**.

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended our approval of a consent decree proposed by relator, Ohio State Bar Association, and respondents Immigration Associates, L.L.C., Barbara Abbitt, and Gerald Abbitt. We accept the board's recommendation and approve the proposed consent decree submitted by the parties as follows:

{¶ 2} 1. Respondent Immigration Associates, L.L.C., was a limited-liability company organized according to the laws of Ohio and did business at 37 West Broad Street, Columbus, Franklin County, Ohio 43215. Barbara Abbitt was the sole employee of Immigration Associates. Pursuant to the articles of organization filed with the Ohio secretary of state, the individual members of Immigration Associates included Gerald Abbitt and Matthew Abbitt.

{¶ 3} 2. Elizabeth Harris was a member of Immigration Associates but was not named in the articles of organization.

**{¶ 4}** 3. Barbara Abbitt, Gerald Abbitt, and Matthew Abbitt are not and have never been admitted to the practice of law in Ohio or in any other state, and Immigration Associates did not employ any attorney in the regular course of its business.

**{¶ 5}** 4. Matthew and Gerald Abbitt filed a "Registration of Limited Liability Company" and articles of organization to form Immigration Associates on January 21, 2004, for the following purpose: "To assist and represent foreign nationals in the immigration process including work authorization, permanent residence, and obtaining American citizenship."

**{¶ 6}** 5. Immigration Associates maintained an office on the ground floor at 37 West Broad Street, across from the Columbus, Ohio office of the United States Citizenship and Immigration Services ("USCIS") with the display of its name, "Immigration Associates, LLC," and signage that offered its services for "Renewal Green Card/Work Authorization" and "Forms and Assistance," among other services.

**{¶ 7}** 6. In June 2007, David Kalokoh, a citizen of Sierra Leone and a permanent resident of the United States, retained Immigration Associates to assist him with an application for citizenship to be filed with USCIS.

**{¶ 8}** 7. Respondents prepared Kalokoh's application for United States citizenship and Kalokoh paid them a fee for doing so.

**{¶ 9}** 8. Kalokoh submitted the application prepared by respondents to USCIS in June 2007 and later discovered that it contained a number of errors. Kalokoh complained to Barbara Abbitt about the mistakes, and she prepared an explanatory letter to USCIS for him to present at his interview.

**{¶ 10}** 9. At the time the proposed consent decree was submitted, i.e., over four years later, Kalokoh's application for citizenship remained pending.

**{¶ 11}** 10. Immigration Associates and the individual respondents, Barbara and Gerald Abbitt, regularly and routinely offer services to the public that

include the preparation of forms for submission to USCIS and the Department of State. These forms seek benefits pursuant to the Immigration and Nationality Act, 8 U.S.C. 1101 et seq.

{¶ 12} 11. As a result of the activities of the respondents in Ohio, Kalokoh and other unnamed individuals have been subjected to the unauthorized practice of law.

{¶ 13} 12. Respondents shall cease all activities that constitute the unauthorized practice of law and shall take the following steps within the time specified:

{¶ 14} A. Respondents shall immediately cease to conduct and market their business to prepare immigration forms, including applications, petitions, and supporting forms.

{¶ 15} B. All signs, advertisements, and business cards in or around respondent's premises that advertise any service with regard to the preparation of or assistance with immigration forms, applications, petitions, or supporting documents shall be removed immediately.

{¶ 16} C. Neither Immigration Associates, L.L.C., nor the individual respondents shall represent themselves or any current or future business owned by the individual respondents as knowledgeable in immigration law or practice. Respondents shall not advertise or engage in any business in which they prepare immigration forms, including applications, petitions, or supporting forms, for a fee.

{¶ 17} D. No civil penalty shall be imposed.

{¶ 18} It is hereby ordered:

{¶ 19} 13. Respondents are enjoined from all activities that constitute the unauthorized practice of law, including:

{¶ 20} A. The marketing, sale, or preparation of legal documents, including immigration forms, applications, petitions, and supporting forms, by or on behalf of Immigration Associates, L.L.C., or the individual respondents.

{¶ 21} B. The rendering of advice regarding immigration forms, applications, or petitions.

{¶ 22} 14. Costs of this matter are taxed to respondents pursuant to Gov.Bar R. VII(8)(A).

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Porter, Wright, Morris & Arthur, L.L.P., and Robert H. Cohen; and Eugene Whetzel, for relator.

Bowen & Keck Law, L.L.C., and Heather L. Keck, for respondents.

_____